UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOSHEI A. WOODS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-3083** |
| **LOUISIANA SPECIAL SCHOOL DISTRICT** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* plaintiff Toshei A. Woods's ("plaintiff") motion[1] to appoint counsel. Plaintiff's complaint in this civil action alleges violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination Act of 1967 ("ADEA"), and other federal laws pertaining to sex and race.[2] On December 4, 2023, this Court granted defendant Louisiana Special School District's ("defendant") motion to dismiss with respect to plaintiff's ADEA claim for lack of subject matter jurisdiction, but denied the motion to dismiss with respect to plaintiff's retaliation, hostile work environment, and disparate treatment claims.[3] Plaintiff now moves "for representation through the Court[,]" stating that she has been unable to obtain counsel and cannot afford counsel due to her alleged wrongful termination.[4] For the reasons that follow, the Court denies plaintiff's motion.

There is no automatic right to appointment of counsel in civil cases. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). However, "Title VII provides for the

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 1, at 3.
[3] R. Doc. No. 13.
[4] R. Doc. No. 20, at 1.

appointment of an attorney upon request 'in such circumstances as the court may deem just.'" *McPherson v. Ochsner Health Sys. Skilled Nursing Facility W. Campus*, No. 23-2433, 2024 WL 363337, at *1 (E.D. La. Jan. 31, 2024) (Currault, M.J.) (quoting 42 U.S.C. § 2000e–5(f)(1)). "Courts consider: (1) the merits of the claims of discrimination; (2) the efforts taken by plaintiff to obtain counsel; and (3) plaintiff's financial ability to retain counsel." *Id.* (citing *Gonzales*, 907 F.2d at 580).

"Appointment of counsel is also available under the *in forma pauperis* statute." *Id.* (citing 28 U.S.C. § 1915(e)(1)); *see also Gonzales*, 907 F.2d at 579. While there is no right to appointment of counsel in civil cases, "a district court may appoint counsel if doing so would aid in the efficient and equitable disposition of the case" where a litigant is proceeding *in forma pauperis*. *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quotation and citation omitted). In making this determination, courts consider "(1) the complexity of the case; (2) whether the litigant is capable of adequately presenting [her] case; (3) whether the litigant is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* at 140–41 (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). Appointment of counsel is reserved for "exceptional circumstances." *Id.* at 141.

Considering these factors, the Court in its discretion finds that appointing counsel for plaintiff is not warranted. Plaintiff has sufficiently established her financial inability to retain counsel since the Court previously granted leave to

proceed *in forma pauperis*.[5] However, "[b]efore counsel may be appointed under Title VII, a claimant must make a reasonably diligent effort to secure counsel without the court's assistance. A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement." *McPherson*, 2024 WL 363337, at *2.

Plaintiff's motion states only that she has "not been able to attain representation" and that "[d]ue to wrongful termination[,] [she] cannot afford representation."[6] As in *McPherson*, "[p]laintiff's motion fails to set forth what efforts, if any, she has undertaken to obtain counsel on her own behalf." *McPherson*, 2024 WL 363337, at *2. "Given the potential availability of a fee award, [p]laintiff must undertake efforts to locate counsel on her own behalf before it is proper to consider appointment of counsel." *Id*. "Plaintiff's failure to identify any efforts to obtain counsel precludes appointment of counsel at this time." *Id*.

Appointment of counsel is also inappropriate pursuant to the *in forma pauperis* statute. Plaintiff's claims do not appear particularly complex. Further, plaintiff has not shown that she is incapable of adequately presenting her case. Instead, plaintiff failed to make any effort to oppose defendant's previously filed motion to dismiss. The Court is not aware of any exceptional circumstances warranting appointment of counsel. Accordingly,

**IT IS ORDERED** that that plaintiff's motion to appoint counsel is **DENIED**.

---

[5] R. Doc. No. 3.
[6] R. Doc. No. 20, at 1.

**IT IS FURTHER ORDERED** that, if plaintiff opposes defendant's pending motion to transfer this matter to the Middle District of Louisiana, she shall file any opposition no later than **Friday, FEBRUARY 23, 2024**.[7]

**IT IS FURTHER ORDERED** that the submission date on defendant's motion[8] to transfer shall be **RE-SET** to **Friday, FEBRUARY 23, 2024**.

New Orleans, Louisiana, February 15, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[7] Pursuant to Local Rule 7.8, plaintiff's original deadline to file a response was Tuesday, February 13, 2024.
[8] R. Doc. No. 15.