UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOSHEI A. WOODS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-3083** |
| **LOUISIANA SPECIAL SCHOOL DISTRICT** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Louisiana Special School District's ("defendant") motion[1] to transfer the above-captioned matter to the Middle District of Louisiana pursuant to 28 U.S.C. § 1404(a). Plaintiff Toshei A. Woods ("plaintiff") opposes[2] the motion. Having considered the relevant private and public interest factors, the Court grants the motion.

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Although [a plaintiff's] choice of forum is important, it is not determinative." *William B. Coleman Co., Inc. v. Mt. Hawley Ins. Co.*, No. 22-1686, 2022 WL 2806438, at *1 (E.D. La. July 18, 2022) (Vance, J.) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008), *overturned on other grounds*, 545 F.3d at 304 (*In re Volkswagen II*)). "The defendant must show "good cause" for transfer. *Id.* at *2 (quoting *In re Volkswagen II*, 545 F.3d at 315).

---

[1] R. Doc. No. 15.
[2] R. Doc. No. 24.

"To show good cause, a defendant must satisfy the statutory requirements and clearly demonstrate that the transferee venue is more convenient for the parties and witnesses." *Id.* (citing *In re Volkswagen, II*, 545 F.3d at 315). In determining convenience, courts consider both private and public interest factors. *Id.* "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen II*, 545 F.3d at 315 (internal quotations and citation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (internal quotations and citation omitted).

As the Court explained in a previous order and reasons in this case,[3] venue is proper both in this Court and in the Middle District of Louisiana pursuant to Title VII's venue statute because both districts are in "the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). The Court must therefore determine whether transfer is in the interest of justice and for the convenience of the parties and witnesses.

Defendant primarily argues that transfer is appropriate because the relevant

---

[3] R. Doc. No. 13, at 6–8.

witnesses, documents, and other evidence are located in Baton Rouge, which is in the Middle District of Louisiana.[4] Defendant filed a list of known witnesses and their addresses, which indicates that multiple witnesses reside in Baton Rouge.[5] Defendant also argues that there is at least one other claim against it arising out of similar allegations pending in the Middle District of Louisiana and that these cases may involve overlapping witnesses and documentary evidence.[6]

Plaintiff counters that any inconvenience caused by the witnesses' residence in Baton Rouge is not particularly significant "considering the relatively compact geography."[7] Additionally, plaintiff argues that modern technology mitigates any inconvenience caused by the location of the witnesses and evidence.[8] Plaintiff also asserts that some witnesses reside in the New Orleans area, including "[o]ne of the key witnesses[,]" and that plaintiff does not have the same e-File privileges as defendant because she is representing herself.[9] Plaintiff further argues that her choice of venue "should not be disturbed lightly."[10]

Having considered these arguments and the relevant factors, the Court finds that defendant has met its burden of demonstrating that the Middle District of Louisiana is a more convenient venue than the Eastern District of Louisiana since

---

[4] R. Doc. No. 15-1, at 3–6.
[5] R. Doc. No. 23, at 1–2.
[6] R. Doc. No. 15-1, at 6.
[7] R. Doc. No. 24, at 3.
[8] *Id.*
[9] *Id.* However, plaintiff may file documents by mail as well as in person, lessening any burden associated with her inability to e-File.
[10] *Id.* at 2.

that is where the evidence and many witnesses are located. It is also the place where the conduct underlying this lawsuit occurred. Accordingly,

**IT IS ORDERED** that that defendant's motion to transfer is **GRANTED**. For the convenience of the parties and witnesses and in the interest of justice, the above-captioned matter is **TRANSFERRED** to the U.S. District Court for the Middle District of Louisiana.

New Orleans, Louisiana, February 26, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**